IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>        vs.<br><br>WESLY PREISTER,<br><br>                          Defendant. | **8:22-CR-56**<br><br>**ORDER** |

This matter is before the Court on Wesly Preister's *pro se* Motion for Appointment of Counsel for the purposes of assisting him in seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 42. In this submission, Preister does not provide any information on why he intends to seek compassionate release or the grounds he intends to rely upon in doing so. *See generally* Filing 42. The Court will deny his Motion. "[A] defendant's constitutional and statutory rights to assistance of counsel does not extend to postconviction proceedings beyond a direct appeal, including postconviction proceedings under 18 U.S.C. § 3582(c)." *United States v. Washington*, No. 6:02–CR-03110-MDH, 2022 WL 17637631, at *1 (W.D. Mo. Dec. 13, 2022) (citing cases); *cf. United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020) ("[T]here is no Sixth Amendment right to counsel in sentence modification proceedings under § 3582(c)") (quotation marks and citation omitted). Moreover, the Court notes that federal courts generally do not appoint counsel just because an individual wishes to pursue compassionate release. *See e.g.*, *United States v. Cannon*, No. 3:17-CR-00208, 2022 WL 1748316, at *2 (D.N.D. May 31, 2022) ("Further, the appointment of counsel for a motion to reduce sentence is not required by the Constitution or statute; thus the Court declines to appoint counsel for [the defendant]"), *aff'd*, No. 22-2315, 2022 WL 17849927 (8th Cir. June 24, 2022), *reh'g denied* (Aug. 5, 2022). Accordingly,

IT IS ORDERED: Preister's Motion for Appointment of Counsel, Filing 42, is denied.

Dated this 16th day of May 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

2